IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE DIVISION

JOHN LICINIT,

        Plaintiff,

vs.                              Civil Action Number:

MUTUAL OF OMAHA,

        Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, John Licinit, by and through his undersigned counsel, Gregory G. Paul, and files the within Complaint, to obtain declaratory relief, and recover disability benefits under an ERISA employee benefit plan, and to recover costs, prejudgment interest and attorney's fees.

## JURISDICTION AND VENUE

1. This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2. Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

**PARTIES**

3. Plaintiff, John Licinit, is an adult individual who resides in Stroudsburg, PA 18360.

4. Defendant, Mutual of Omaha, is the underwriting company of the Plan and is located at Omaha, NE 68175.

**SUMMARY OF ACTION**

5. Plaintiff was born in 1955, was employed by Eclipsys Corporation – Technology Solutions Center as an Associate Supervisor from September 1981 until he was unable to continue working on February 20, 2006.

6. On or about February 20, 2006, Plaintiff was unable to continue working in his own occupation at Eclipsys Corporation as a result of injuries resulting from a motor vehicle accident including traumatic brain injury, post concussion syndrome and joint and back pain.

7. Mr. Licinit remains unable to work in his regular occupation or any occupation on a regular basis due to the above injuries according to his treating physicians.

8. Under the long-term disability policy, an eligible employee will be considered disabled if he or she is prevented from performing at least one of the material duties of your regular occupation on a part-time or full-time basis due to your sickness or injury; and you are unable to generate current earnings which exceed 80% of your basic monthly earnings due to that same sickness or injury.

9. After 24 months of payments, you are disabled when Mutual of Omaha determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

10. On or about June 18, 2012, Defendant denied Plaintiff's long-term disability benefits as the review of all available medical information regarding Mr. Licinit's claim is summarized as "the documentation does not support restrictions and/or limitations that would prevent you from performing the duties of your Sedentary occupation beyond June 15, 2012".

11. As a result of Defendant's denial of long-term disability benefits, Plaintiff has not received the monthly benefits to which he is entitled. Furthermore, defendant's denial was infected by conflict of interest including but not limited to the claims processing and payment of claims by the same insurance company.

## COUNT ONE
### (CLAIM FOR BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))

12. The averments set forth in the above paragraphs are incorporated by reference.

13. The Plan provides the Plaintiff is entitled to replacement disability income ("Disability Benefits") based upon him becoming disabled within the meaning of the Plan.

14. Plaintiff has established his disability within the meaning of the Plan and is entitled to Disability Benefits because he is limited from performing the material and substantial duties of his regular occupation due to his sickness or injury.

15. On or about June 18, 2012, Defendant denied Disability Benefits. Plaintiff is entitled to payment of the Disability Benefits under the Plan because his medical conditions prevent him from performing the material and substantial duties of his regular occupation.

16. Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA and adversely affects his eligibility for continuing long-term disability benefits.

17. Plaintiff has exhausted all administrative levels of appeal by the issuance of the final denial letter dated April 17, 2013.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, John Licinit, respectfully prays that the court: (1) declare that the Defendant is obligated to pay Plaintiff his past due Disability Benefits; (2) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (3) award such other further and different relief as may be just and proper.

**JURY TRIAL DEMANDED**

                                  Respectfully submitted,

                                  MORGAN AND PAUL, PLLC

                                  /s/ Gregory G. Paul
                                  GREGORY G. PAUL
                                  Pa. I. D. No. 83334
                                  409 Broad Street, Suite 270
                                  Sewickley, PA 15143
                                  (888) 967-5674
                                  (888) 822-9421 fax
                                  gregpaul@morgan-paul.com

                                  Attorney for Plaintiff

Dated: September 27, 2013